### Soren M. Peterson v. West Chicago St. R. R. Co.

1. INSTRUCTIONS—*Must be Based Upon the Evidence.*—It is error to give an instruction in a case when there is no evidence upon which such instruction can be based.

**Trespass on the Case,** for personal injuries. Error to the Circuit Court of Cook County; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the March term, 1897. Reversed and remanded. Opinion filed March 29, 1897.

T. H. GAULT and MCKENZIE CLELAND, attorneys for plaintiff in error.

ALEXANDER SULLIVAN, attorney for defendant in error; EDWARD J. MCARDLE, of counsel.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

The plaintiff stepped on to the foot-board of a grip-car operated by the defendant; the car at such time was at a street corner; the plaintiff while standing upon the footboard was carried against a coal wagon standing near to the

track; his shoulder coming in contact with the wagon, his hold was loosed and he fell to the ground.

So much is undisputed.

The plaintiff claims to have been, when hurt, a passenger; that when he stepped upon the car it was at rest, and started afterward; that he did not have time to get into a seat ere he was hit by the coal wagon. The defendant contends that when the car was in motion with the coal wagon in plain sight, and so near the track that it was manifestly perilous to get or stand upon the foot-board, plaintiff jumped thereon and was almost instantly hit before there was time to stop the car; that the plaintiff's movement to board the car was seen by the gripman and others, who called out to him to look out, thus warning him to desist from his attempt; that being thus warned away by the servant of the defendant, it then refused to there receive him as a passenger, and consequently that he never became such; that the coal wagon was in plain sight, at rest, and must have been seen by plaintiff had he looked.

The declaration charges that the plaintiff, being a passenger upon defendant's car, the defendant negligently ran its car close to a wagon standing near to the track of said railway, and caused the said wagon to violently strike the plaintiff.

At the instance of the defendant the court gave the following instruction to the jury:

" The burden of proof is not on the defendant to show how the plaintiff came to fall. If the preponderance of the testimony does not show that he fell by reason of the car being suddenly started, your verdict should be for the defendant."

There was no evidence warranting such instruction. All the evidence was to the effect that the plaintiff fell because he was struck by the coal wagon; there was none tending to show that he fell merely because of a sudden start of the car; the plaintiff did contend that the car started before he had time to get into a seat, but he did not attribute his fall to a sudden start.

The car was rounding a curve at a street corner when the plaintiff was hit by the coal wagon.

The judgment of the Circuit Court is reversed and the cause remanded.